# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | Case No. 19-10368-tmd |
| | § | |
| ANDREW KEVIN VAUGHAN | § | |
| | § | Chapter 7 |
| Debtor. | § | |

## APPLICATION FOR RETENTION OF BK GLOBAL REAL ESTATE SERVICES TO PROCURE CONSENTED PUBLIC SALE PURSUANT TO 11 U.S.C. §§ 327(a) AND 328

**This pleading requests relief that may be adverse to your interests.**

**If no timely response is filed within 21 days from the date of service, the relief requested herein may be granted without a hearing being held.**

**A timely filed response is necessary for a hearing to be held.**

COMES NOW Ron Satija, Trustee ("Trustee"), the duly appointed and acting trustee in the above-captioned bankruptcy case, and hereby files his *Application For Retention of BK Global Real Estates Services to Procure Consented Public Sale Pursuant to 11 U.S.C. §§ 327(a) and 328* (the "Application"), and would show the Court as follows:

1. The applicant is Ron Satija, Chapter 7 Trustee in this case which was filed on March 25, 2019.

2. The real property located at 105 Cottonwood Dr., Hutto, Texas 78653 (the "Real Property") is titled in the name of the Debtor and Debtor's former spouse ("Candice Vaughan").

3. Debtor has not claimed the Real Property as exempt [see Schedules, Dkt. No. 1].

4. Debtor listed the Real Property in his Schedules [Dkt. No. 1] as having a value of $237,000.00.

5. The Real Property is believed to be subject to the following mortgage and the following liens:

3469800.v1

a. First Mortgage Holder: Planet Home Lending, LLC, $156,145.00

b. Mechanic's Lien: Tabatha Smith, $9,071.78

6. It is the Trustee's understanding that no one currently resides at the Real Property and mortgage payments are not being made. Candice Vaughan has not responded to the Trustee's efforts to communicate with her.

7. Based on the circumstances, the Trustee believes that the value of Debtor's interest in the Real Property is not sufficiently in excess of the amount owed to Planet Home Lending, LLC to sell for an amount that would satisfy the secured claim of Planet Home Lending, LLC.

8. The Handbook for Chapter 7 Trustees published by the Executive Office of the United States Trustee, states on pages 4 – 14 under Section 9 "Sales of Assets" (a) General Standards "A trustee may sell assets only if the sale will result in a meaningful distribution to creditors." The Section further states "the trustee may seek a "carve-out" from a secured creditor and sell the property at issue if the "carve-out" will result in a meaningful distribution to creditors. Further, the Section states "The trustee must also consider whether the cost of administration or tax consequences of any sale would significantly erode or exhaust the estate's equity interest in the asset."

9. BK Global Real Estate Services ("BK Global") provides services to chapter 7 trustees across the country in obtaining meaningful distributions to creditors where real property belonging to the estate is encumbered by liens in excess of the value of said real property. The Trustee herein proposes to retain BK Global to utilize its expertise and experience in assisting him in negotiating with any secured creditors to accomplish the following:

a. Sell the Real Property under 11 U.S.C. §§ 363(b) and (h) to whichever party the Trustee determines to have made the best qualified offer with the sale approved by the Court, pursuant to 11 U.S.C. § 363;

b. Obtain the release of the senior mortgage and waive all of its claims against the estate with respect to the Real Property (including any deficiency claims resulting from the proposed sale);

c. Work with the secured mortgage holder to enter into an agreement for an 11 U.S.C. § 506 surcharge to pay all of the closing expenses associated with the § 363 sale, including the payment of a six percent (6%) real estate brokerage commission and reimbursement of their out-of-pocket expenses to BK Global and any associated real estate professional, paid from the proceeds of the sale, and provide a meaningful carve out for the benefit of allowed unsecured creditors of the Debtor's estate; and

d. Make certain the amount of the carve out is clearly set out in the motion to sell the Real Property pursuant to 11 U.S.C. § 363.

10. BK Global will assist the Trustee in negotiations with the first mortgage holder to obtain the consent of the first mortgage holder for the sale of the Real Property with carve outs from the sale proceeds of the Real Property for the payment of a six percent (6%) real estate commission to BK Global and any associated real estate professional, and a carve out from the sale proceeds, such amount for the benefit of unsecured creditors of the bankruptcy estate, which will result in a meaningful distribution to the creditors. Upon a successful resolution with the secured creditor and prior to any sale of the Real Property, a separate motion will be filed seeking approval of the settlement terms and conditions.

3469800.v1

11. BK Global will not be entitled to any fees if the first mortgage holder does not grant its consent or the Court does not grant the motion to approve the sale of the Real Property.

12. In no event will the bankruptcy estate have any obligation to pay BK Global or associated real estate professional for their services, or to pay the customary title and closing services. The terms of the listing agreement and this Application provide that BK Global and listing agent are only entitled to payment if and when (a) secured creditor grants its consent, (b) the motion to approve sale is granted and (c) the Real Property is sold, in which event BK Global and listing agent will receive a six percent (6%) real estate brokerage commission and obtain reimbursement of any out-of-pocket expenses.

13. The trustee believes that the highest and best value for the Real Property will be generated through a sale in which the Real Property is widely marketed to the public and offered at the highest price that the market will bear. The Trustee further believes that such a sale is in the best interest of the Debtor's bankruptcy estate, but can only be achieved if the secured creditor's consent is first obtained. The Trustee believes that retaining BK Global and/or an associated real estate professional to obtain the secured creditor's consent is in the best interest of the Debtor's bankruptcy estate.

14. The Trustee submits that the terms of employment and compensation as set out in this application and the listing agreement attached hereto as **Exhibit A**, are reasonable in light of the extensive experience of BK Global and any associated real estate professional, and the nature of the services they provide.

15. BK Global attests that it is a disinterested person within the meaning of Section 101(14) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 2014 and 2016(a). Attached hereto as **Exhibit B** is an Affidavit of Disinterestedness of BK Global. BK Global also

attests, pursuant to Bankruptcy Rule 2016, that it shall not split or share its fee with any individual or entity other than listing agent or a buyer's agent, if applicable.

WHEREFORE, based upon the foregoing, the Chapter 7 trustee seeks the Court's authority to retain BK Global in this case and requests that the Court approve the compensation arrangements set forth in the listing agreement and this application, pursuant to Sections 327, 328(a) and 330 of the Bankruptcy Code; and for such other and further relief as the Court determines is appropriate.

Respectfully submitted,

By:/s/ Ron Satija
     Ron Satija, Chapter 7 Trustee

GRAVES, DOUGHERTY, HEARON & MOODY, P.C.
401 Congress Avenue, Suite 2700
Austin, TX 78701
Telephone: 512.480.5626
Facsimile: 512.536.9926
bcumings@gdhm.com

By:/s/ Brian T. Cumings
     Brian T. Cumings

**COUNSEL FOR RON SATIJA,
CHAPTER 7 TRUSTEE**

**CERTIFICATE OF SERVICE**

   I hereby certify that on this the 8th day of August, 2019, I electronically filed this Application with the Clerk of Court using the CM/ECF system which will send notification of such filing to those receiving electronic service, or service was made by U.S. First Class Mail as reflected below and on those not receiving electronic notice. A Notice of Employment is being mailed within two business days by U.S. First Class Mail to those listed on the current creditors matrix attached hereto and those below, if indicated by mail.

| | |
|---|---|
| United States Trustee - AU12<br>United States Trustee<br>903 San Jacinto Blvd., Suite 230<br>Austin, TX 78701-2450 | Andrew Kevin Vaughan<br>11919 Bastrop Dr.<br>Manor, TX 78653<br>*Debtor* |
| Ron Satija<br>Chapter 7 Trustee<br>P.O. Box 660208<br>Austin, TX 78766-7208<br>*Chapter 7 Trustee* | Kyle Kenneth Payne<br>Payne & Associates, PLLC<br>1225 North Loop West, Suite 550<br>Austin, TX 77008<br>*Debtor's Counsel* |

            By:/s/ *Brian T. Cumings*
              Brian T. Cumings

3469800.v1